UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA FRYE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NICK SITU,<br><br>　　　　Defendants. | No.  2:24-cv-02209-DC-SCR<br><br><br>ORDER |

Plaintiff is proceeding pro se in this action.  This matter was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted the affidavit required by that statute.  *See* 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.  However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient but will grant Plaintiff leave to file an amended complaint.

I.  SCREENING

A.　Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil

1

Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

      B.     <u>The Complaint</u>

Plaintiff's complaint names one defendant, Nick Situ.  Plaintiff checks the box on the form complaint for both federal question and diversity of citizenship jurisdiction.  ECF No. 1 at 3.  However, when instructed by the form complaint to indicate the federal statute, treaty, or constitutional provision that is the basis for jurisdiction, Plaintiff writes: "The Unit isn't up to part.  Don't fix the unit.  Right Dealing mold, rat, old pipe Drains, Roof is Leaking Housing issue give me a 3 day and 30 notice."  ECF No. 1 at 4.  Plaintiff indicates she is a citizen of Sacramento, California, and Defendant's address is also Sacramento.  Plaintiff's Statement of Claim is unclear, she states: "As me coming into the unit wasn't up to part."  *Id.* at 5.  She states she was a tenant from 2011 to 2024.  *Id.*  She alleges there were rats, mold, and old pipe.  *Id.*

      C.     <u>Analysis</u>

The complaint does not sufficiently plead a basis for federal jurisdiction.  Plaintiff does not plead a federal statute upon which her claim is based.  Her allegation concerning diversity of citizenship is defective in that she does not plead that defendant is a citizen of another state, or allege the amount in controversy.  *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship" where "the citizenship of each plaintiff is diverse from the citizenship of each defendant.").  Plaintiff has also not pled federal question jurisdiction.  There are federal statutes applicable to housing, such as the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, et seq., but Plaintiff has not alleged violation of FHA or pled facts that would clearly fall within the scope of the statute.  The FHA sets forth certain prohibited practices.  *See for example* § 3604(b) ("To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities

in connection therewith, because of race, color, religion, sex, familial status, or national origin.").

The complaint thus does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or a short and plain statement showing plaintiff's entitlement to relief.  The exact nature of Plaintiff's claim is unclear from the complaint.  Plaintiff appears to complain of the condition of her rental unit, and that she may have received an eviction notice.  If this is a landlord/tenant dispute, the appropriate forum may be state court.  Accordingly, the complaint does not establish this court's jurisdiction, does not comply with Rule 8, and fails to state a claim on which relief may be granted.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar*, 698 F.3d at 1212 (9th Cir. 2012).  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court and the defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of each named defendant.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. The amended complaint must include a sufficient jurisdictional statement and comply with Rule 8. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: October 15, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE